THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| EARP CONCRETE CUTTING, INC., an Indiana Corporation, | ) ) ) |
| Defendant. | ) |

## C O M P L A I N T

Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, by and through their Attorneys, Aaron A. Koonce of Law Office of Aaron A. Koonce P. C., and Matthew S. Jarka of Asher, Gittler & D'Alba, Ltd., complaining of the Defendant, EARP CONCRETE CUTTING, INC., an Indiana Corporation, as follows:

1. This action is brought under the provisions of Sections 502 (a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

- 1 -

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 857 E. Shakespeare Dr., Valparaiso, Indiana 46383.

7.      Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8.      Plaintiff is advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9.      As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to

perform as thereunder required.

11.     Defendant has failed to file accurate contribution reports and pay all contributions for the period of July 1, 2019 through December 31, 2019. Additionally, Defendant has failed to pay $15, 102.15 in interest and liquidated damages for late contributions for the period of July 1, 2019 through December 31, 2019.

12.     Defendant has failed to pay contributions or file contribution reports for the period of January 2020 through March 2020.

13.     That from July 1, 2019 through March 31, 2020, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiff but are known to Defendant on whose behalf Defendant has improperly failed to report and remit contributions.

14.     Plaintiff is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period July 1, 2019 through March 31, 2020.

WHEREFORE, Plaintiff prays:

(a)     That judgment enter in favor of Plaintiff and against Defendant in the sum of Fifteen Thousand One-Hundred and Two and 15/100 ($15,102.15) DOLLARS.

(b) That Defendant be compelled to account to Plaintiff for contributions due as aforesaid and to pay to Plaintiff any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e) That Defendant be compelled to produce such books and records as are required by Plaintiff's auditors, and to pay to Plaintiff any amounts found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(f) For such other and further relief as the Court may determine just and proper.

**/s/ Aaron A. Koonce**
Law Office of Aaron A. Koonce, P.C.
9013 Indianapolis Blvd.
Highland, IN   46322
(219) 838-9200 (Office)
(219) 972-7110 (Fax)
Indiana Attorney No.: 31749-45

**/s/ Matthew S. Jarka**

Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
msj@ulaw.com
IL ARDC#:  632260