UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CONSTRUCTION WORKS PENSION TRUST FUND LAKE COUNTY AND VICINITY, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EARP CONCRETE CUTTING, INC., )<br>)<br>Defendant. )<br>) | Case No. 2:20-cv-168-PPS-APR |

## OPINION AND ORDER

Before me is a Motion for Entry of Default Judgment filed by Plaintiff Construction Workers Pension Trust Fund Lake County and Vicinity. [DE 10.] The Fund previously obtained an entry of default against Defendant Earp Concrete Cutting, Inc. [DE 5.] For the reasons discussed below, I will grant the Motion for Default Judgment and award the Fund the $48,183.90 in damages and $8,169.69 in attorney's fees and costs it seeks.

This is a case alleging delinquency and missed payments to a pension fund pursuant to the terms of a collective bargaining agreement. The allegations are relatively straightforward. Plaintiff is pension fund established for unionized construction workers located in the Northwest Indiana area. [DE 1 at ¶¶ 3-4.] The Defendant Earp Concrete Cutting, Inc. is a concrete company that employs workers

-1-

who are covered by a collective bargaining agreement. *Id.* at ¶ 7. Defendant thus owes certain payments to the Fund as part of those agreements. The Fund says that from July 1, 2019 through March 2020, Defendant has not made its required contributions on behalf of its workers in violation of the collective bargaining agreement and various laws. *Id.* at ¶¶ 11-12. The Fund is suing pursuant to various provisions of the Employee Retirement Income Security Act of 1974 (ERISA) to collect the moneys owed to it. [*See* DE 1.]

The case was filed on April 23, 2020 [DE 1] and summons was issued shortly thereafter. On June 8, 2020, the Fund filed an Affidavit of Service stating that it hired a process server to serve Defendant on May 20, 2020, leaving the complaint and summons with Terry Earp and also mailing a copy of the complaint and summons to the address of Defendant's registered agent: Nancy G. Earp. [DE 3.] This address likewise appears to be where Defendant maintains its principal place of business. [*See* DE 1 at ¶ 6.]

Despite service being effectuated nearly a year ago, Defendant has never responded to this lawsuit and no attorney has entered an appearance in this Court on its behalf. On June 17, 2020, the Fund applied for and Entry of Default [DE 4] and the Clerk of Court entered one on July 1, 2020. [DE 5.] On March 29, 2021, the Fund filed a Motion for Default Judgment seeking $48,183.90 in liquidated damages and interest pursuant to the terms of the collective bargain agreement and ERISA. [DE 10 at ¶ 6.] It likewise seeks to recoup $8,169.69 in attorney's fees and costs. *Id.* at ¶ 7.

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments and involves two stages: establishing "default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *Id.* Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Here, that has all occurred.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). An entry of default judgment, however, is not mandatory simply because a party doesn't appear, it is still a matter of discretion for the district court judge. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). In exercising that discretion, I consider a number of factors, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. *See* Wright & Miller 10A FED. PRAC. & PROC. § 2683 (3d ed.). But all well-pleaded facts in the complaint are taken as true for purposes of liability. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

The Fund does not attach the collective bargaining agreement or trust agreements which lay out the obligations of the parties to either its complaint or its

-3-

motion for default judgment. But because I take the facts of the complaint as true, I will assume their existence and that they say what the Fund says what they say. The complaint is relatively light on facts but the basics of the parties' obligations and Earp Concrete Cutting's lack of contributions to the relevant pension fund are clear. And there is additional factual support for the default judgment. Specifically, the Fund has included an affidavit from Regina M. Morey, an Administrative Assistant in the Audit Department for the Fund who testifies that she has reviewed Earp Concrete Cutting's obligations and payments and determined the company is delinquent in the amount of $48,183.90. [DE 10-1.] That is enough for these purposes to establish liability in this case for purposes of a default judgment. There do not seem to be any apparent issues of disputed fact, and the effect of a default here is not that harsh, it simply requires Earp Concrete Cutting to pay what it owes on behalf of the workers it employs.

The amount of claimed damages here are relatively straightforward and are supported beyond the mere allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Because the damages here are ascertainable and definite based on Ms. Morey's affidavit, no hearing on damages is necessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *e360 Insight*, 500 F.3d at 602.

As for the attorney's fees, they are recoverable in ERISA lawsuits like this one pursuant to 29 U.S.C. § 1132(g)(2)(D) so long as a claimant shows "some degree of success on the merits." *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255

(2010). The affidavit of the Fund's counsel, Aaron A. Koonce, lays out the hourly rates of attorneys and paralegals in his office and provides that attorneys' fees and costs in this case have totaled $8,169.69. [DE 10-2.] A bit more detail, such as a billing sheet laying out the time spent on specific tasks would be helpful to support this request, but the affidavit itself is enough evidence. That seems a reasonable amount of time spent investigating this case, drafting the complaint, serving Earp Concrete Cutting through Terry Earp and registered agent Nancy Earp, and drafting a motion for default judgment. The Fund is thus entitled to its attorney's fees as well.

## Conclusion

For the foregoing reasons, Plaintiff Construction Workers Pension Trust Fund Lake County and Vicinity's Motion for Default Judgment [DE 10] is **GRANTED**. Defendant Earp Concrete Cutting, Inc., is ORDERED to pay Plaintiff $48,183.90 in damages and $8,169.69 in attorney's fees, for a total of $56,353.59.

**SO ORDERED on April 15, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT